I thought you may have two winners. No, it's not your fault. My fault. Carlos Lugo Good morning, may it please the court. Carlos Lugo again on behalf of defendants. This is another case, section 1983. This one ended with a settlement agreement that was in writing. I can't specify, I can't enter into much of the terms because I'm bound by a confidentiality agreement, but basically the bottom line is that this is a settlement agreement in which the Commonwealth, the Secretary of Justice approved the settlement amount, approved the settlement and the parties filed a written agreement by which the Commonwealth assumes the entire obligation to pay the settlement amount to the plaintiff and defendants, individual defendants are, and the case was finished with a judgment incorporating the terms of that settlement agreement. Here is the same, it's basically the same issue as before. After the settlement agreement had been agreed and submitted to the court and judgment had issued, the supervisory board created by PROMESA filed a petition on behalf of the Commonwealth, a petition for restructuring debt under Title III. And it is our contention that we informed the district court that the Title III stay applied, we understood the title, then the petition had been filed and there was a process for all claims against the government to follow before the Title III court and upon the objection of the defendant, sorry, of the plaintiff, the district court refused to acknowledge, refused to recognize that the case was stayed. The reason that we're appealing is precisely to defend the state. In this case, it is clear that this was once a claim against individual defendants in their personal capacities, now a claim against the government of the Commonwealth of Puerto Rico, and that it should go to the execution of that judgment state and the plaintiff should go to the Title III process to continue his collection efforts. And we understand that the district court, in not acknowledging that, erred as a question of law. The Title III stay is extremely important for the Commonwealth and this is why we have been, the Commonwealth has been defending all these cases. Because given the enormous amount of debt and the large quantity of creditors, it provides a respite to the government so that it can keep working and it provides an orderly procedure for all these claims to be processed. And given that this case is clearly, the settlement agreement is clearly a claim against the Commonwealth, it should go to the Title III state and it should go to the Title III courts to follow the restructuring process. Now, in this particular case, the plaintiff made some additional arguments that I would like to address. The district court here denied the applicability of this stay, relying on Negrón-Castambide. This is a case decided by this court in which the court decided that a settlement agreement did not bind the Commonwealth because the public functionaries, the officials who were sued, who were sued in their personal capacity did not have the power to bind the government to a settlement agreement. But if we observe that case, if we observe it closely, in that case, the Secretary of Justice had not approved the settlement agreement that the parties had reached in that case. So in the absence of that, then the court had to see whether the defendants themselves, any of the defendants, had the power to bind the Commonwealth. That case is distinguishable from this one in which the functionary that is authorized under Puerto Rico law to bind the Commonwealth to a settlement agreement, which is the Secretary of Justice, in this case, approved the settlement. And all the strictures of Laws 104 and 109, Puerto Rico laws, were followed. So there is no doubt that the Commonwealth is bound by the terms of the settlement agreement, regardless of the position that the particular individual defendants may have, and regardless of whether they themselves have power to bind the government. Because the procedures were followed, the proper procedures were followed, and the public official with the authority to bind the government consented and approved this settlement agreement. The other question, the other question that they bring is about the, it's about the, they bring a jurisdictional question in their brief regarding the, they allege that the cases, the decision of the court not to grant, not to grant the stay is not final. And they try to distinguish the case of Tringari, which was decided by this court. And although the facts are not exactly the same, in effect, the position is, the position is the same. There's a judgment already. There is a question whether the judgment, the execution of the judgment has been stayed. The court said no. And there's really nothing, there's really nothing that the defendants can do other than appeal. There's nothing else to do before the district court. So basically, the judgment is final. What's happened, there's a reference to the Commonwealth of Puerto Rico depositing $1,600,000 to the clerk of the court in the settlement. Is that right? Yes, it will be, it will be, it will be in different steps. And has any of it been deposited? Not to my knowledge. Okay. And so what is the next, if there's no stay, what's the next thing that happens? If there had not been a stay, if the Commonwealth, if there's no stay, well, one thing, assuming that if Title III applies, there's a stay. If Title III did not apply, I mean, I'm trying to understand the hypothetical. The hypothetical is that you lose and there's no stay. Okay. What then happens? They have to execute the... And who do they execute? The government. Who do they execute it against? The government, the Commonwealth of Puerto Rico. Now, so I just, how does that happen exactly? Because the case is not against the government, it's against the defendant. Yes, but the settlement agreement... So they'll move to execute the settlement agreement. Yes. And is the Commonwealth the party to, I mean, in what action? It is the party to execute. Do they have to file a new case for that? They will have to, well, that will depend if the parties, whether the parties in the settlement agreement agree that the court has jurisdiction. I mean, that... Well, you're the party to it. What did you guys agree to? I'm just trying to understand what practically is going to happen next. Well, in any case... And what are you staying? If the plaintiff may not continue enforcement efforts in the district court, he can file a state, he can file a complaint, a money, a collection... That's the next thing that would have to happen. That was the next thing... So why wouldn't we just say it's not right, and once that happens, that'll be stayed, if it's supposed to be stayed? What are we staying now? That's what I'm not understanding. Because the parties... My recollection is that the parties in the settlement agreement agreed that the district court... They did, and that was the... It has jurisdiction. I'm just trying to understand what it has jurisdiction over. In the district court right now, could plaintiff try and collect against the Commonwealth in this action, when the Commonwealth is not a party to it, based on the settlement agreement? I think it could. Do you have authority for that? Well, the settlement agreement says so, and the Commonwealth can certainly consent to that type of agreement. My recollection is that the settlement agreement does have that provision. So the plaintiff could execute against the Commonwealth at the district court, but even... And so you want that stayed, so that that can't happen, because that's the next thing that could happen? Yes, that's stayed, because or he can go and file a Puerto Rico state court action. But that wouldn't stay an action that hasn't been filed yet. Well, if he files the action, we file his table. But that's what I'm saying, that would just happen when that happens. Yes, but given that he can do it before the district court, it will be stayed. Besides, at this stage, it's the settlement agreement, but it's the case that stayed. Thank you. So I have no further... I am finished with my argument, but if the court has no more questions, I will submit the case. May it please the court. Good morning. My name is Angel Roger Sabat, and I'm counsel for Appellee Robert Anel Diaz-Morales. First things first, and certainly, Judge Barron, you did ask questions as to facts of the case after the judgment and after the settlement was reached. As a matter of fact, there is no motion to compel the execution of that foreclosure agreement, and the first installment that was due was due after defendants' appellants filed the motion requiring the recognition of the applicability of the Promesa State. As we stated in our brief of November 8, 2018, from the outset, we asked and we invite the court to review if there is appellate jurisdiction over this district court order. Now, like I just stated, there has been no motion to enforce the judgment or to compel the judgment before the district court as of this date. The order that was issued by Judge Perez Jimenez simply was to deny, to refuse to acknowledge, deny, refuse to acknowledge the application of the Promesa State in this case, in this federal case. Now, appellants – But what were they trying to – what was the action that they were trying to stay when they moved to stay? That is the perfect question, and there's no answer because there was no action. They state that there was an act to enforce the settlement. When the motion was filed, not even the first installment was due. There was not even a breach by appellants of the settlement agreement. What follows from that? For us, Your Honor, is that the order that is subject to appellate review at this moment is not appealable, and it's not even appealable because it was not a final order. Ergo, 28 U.S.C. 1291 does not apply, and it was not an interlocutory order related to an injunction. Consequently, 28 U.S.C. 1292 does not apply. Now, that is why from the outset we stated that there was no appellate jurisdiction over this appeal and should have been dismissed.  Is that a general argument that denials, orders denying stays are not appealable? In this case, Your Honor. So what is it specifically about this case that makes the order not appealable? In this case, Your Honor, contrary, for example, with the case of Tringali, in the case of Tringali the district court first removes from the bankruptcy case the request of relief of granting the stay. No, I get that, but other courts have said that a relief from granting a stay and the denial of the stay are effectively the same. And they're final and appealable. But in this case, Your Honor, the district court simply refused to recognize the application of the stay. It did not grant a relief. That was not the matter posed before it. As a matter of fact, there was a notice of a stay, but there was no specific request to that effect. That is why we contend that at this moment, notwithstanding the merits that we have to argue, the errors that have been brought before the court, we understand that there's no jurisdiction over this matter at this stage, Your Honor. Was there a motion seeking a stay? It was simply an informative motion, Your Honor. It was not a motion seeking an order to. But the response to that motion was an order saying the stay does not apply. The response was a refusal of not acknowledging application, Your Honor. But it was not the matter before the district court was not to the likening of granting or relieving the relief of stay, granting the relief of stay or lifting the amount of stay. That was not the issue before. I know that, but he ruled that the stay does not apply. That's correct, Your Honor. So that's what they're appealing, is that ruling. Well, Your Honor, they do, but we contend that at least from the outset, this court had the faculty to review that. Notwithstanding the merits that we have on the argument, Your Honor, but we just simply wanted to reassert that from the outset we have genuine inquiries as to whether there is application in this matter because of this order. But, I mean, his ruling about whether the stay applied wasn't contingent on some circumstances developing that might change his view of it. It was just a final decision that the stay does not apply, the permissive stay. I understand your point, Judge Barron, and it can be viewed as such. Okay. Are you seeking to recover any money from anybody? As of right now, Your Honor, we do have an avenue before the district court because the district court, according to the judgment as well as the confidential settlement agreement, retained jurisdiction until all the terms and conditions of the confidential settlement agreement had been complied with, including the final payment to Apathy Robert Diaz-Morales. So what's the answer to my question? We have yet to do so, Your Honor, at this moment. So at this point you're not seeking to get any money from the commonwealth? From the commonwealth, no, Your Honor. And as a matter of fact, And will you be doing so down the pike in this case? And the reason down the pike, yes, Your Honor, because the reason also that we have not sought that remedy yet from the district court, not against the commonwealth, against the defendant's appellants who are the ones binded by this agreement, is because the proceedings in the district court were stayed pending this appeal. And the district court granted that stayed while the issues are before this honorable court. When you want to get money, what's the next thing you're going to do to get money? We will, Your Honor, motion to compel for appellants who are the parties responsible under the confidential settlement agreement judgment. And will that be an action named in the commonwealth? No, Your Honor, because the commonwealth has never been a party in this case. The commonwealth never waived its sovereign immunity or the 11th Amendment protection, as a matter of fact, in the confidential settlement agreement. So in your view, what is the significance of the fact that as part of the judgment, there is a reference to a settlement agreement in which the commonwealth shall be the one depositing the money in for the payment? That is part of the confidential settlement agreement. Notwithstanding, Your Honor, the commonwealth did not appear before the party. And at the end of the day, the district court, which has retained jurisdiction over – Let me ask you a different way. If the commonwealth fails to do that, do you have any recourse against the commonwealth? No, Your Honor, because the district court, which retained jurisdiction under the full compliance of all terms and conditions of the settlement agreement, I will not be able to oblige the commonwealth to pay in this court, Your Honor. And as a matter of fact – So am I right? If the commonwealth never follows through, does that mean the settlement just blows up and then the case is not dismissed anymore? As a matter of fact, Your Honor, it is one of the alternatives that we can consider, considering that the district court does have retained jurisdiction, full jurisdiction under all terms, not only pursuant to the judgment, but also in the confidential settlement agreement. But in your view, the district court has no power to make the commonwealth do anything. That's correct, but it can also – But what it can do is it can unwind the dismissal. That's correct, Your Honor. That is our contention. I got it. That is our contention in the event that we are led to that point. Because at the end of the day, Your Honor, I always – and we stated that in our appeal, I mean, in our brief. We must remember the holdings of Ortiz-Saliciano v. Toledo de Avila in this court. The fact that Puerto Rico Law No. 9, which is the statute that provides for legal assistance, legal counsel, and indemnifications of public employees being sued in their personal capacity, does not turn the commonwealth into a party, does not comprise a waiver of sovereign immunity, and furthermore, we contend, does not turn, in this case, the appellant's defendants, public employees sued in their personal capacity, does not turn them into debtors of promesa. But can I just add something? If we said the stay applied and the stay applied to foresaw any action against the commonwealth, why would you care? Because you're not trying to bring an action against the commonwealth. Right now, Your Honor, the terms that I have, I don't have an action against the commonwealth. So why do you care if there's a stay of such an action? Because they have come, but there's a quite difference, Your Honor. They are asking for the stay be extended to the individual defendants as debtors on their promesa. And that is the difference in that argument. So that's what you're objecting to. I am objecting to extend, which I understand is an over-breaching of the stay of promesa, to public employees sued in their personal capacity for wrongful acts under common law. So assuming that's the case, we have a case in controversy involving that issue. Am I correct? Yes, sir, yes. All right. Then my next question is, we have, in effect, a conflict between two federal laws, do we not? Promesa on one side and the Civil Rights Act on the other. That's correct, Your Honor. The complaint was pursued under Section 1983. And the commonwealth is claiming that promesa is ruling a statute in this case. And promesa was enacted after the Civil Rights Act. Normally, as I recall, when you have two conflicting statutes, something has to be done about which one decides the case, and usually it's the later one. It's assumed that Congress is aware of prior legislation when it passes statutes. Yet there is no specific language in promesa regarding Section 1983. That's a common thing, though. And furthermore, Your Honor, let us not rest importance of Section 1983 from its beginnings. Well, what about Section 922? Well, Section 922 would apply to the debtors under the promesa case, which are the commonwealth and certain public service corporations. Directly or indirectly, and it includes inhabitants. And so regardless of the nominal party, if your ultimate goal is to get $1.6 million in the deep pocket is the commonwealth, why doesn't 922 apply? Chief Judge Howard, 922 does not apply because the appellant's defendants in this case are not debtors. The commonwealth may try. Actually, not the commonwealth. The appellants might try to disguise that there are inhabitants covered in that Section 922, but those inhabitants are for official capacity actions. Section 1983 claims go directly for individual capacity for violations of federal protected rights under the color of law. That is why, Your Honor, on the Supreme Court case, Kentucky v. Graham, it held that the imposition of liability, notwithstanding anything, the imposition of liability is under the personal defendants, not the state. And I'm going to also cite Port Authority Hudson v. Feeney from the Supreme Court. Not even if the state provides payment for that judgment or settlement, still the imposition of liability is in those individual defendants. So let me try this out just so I understand the idea. If in an ordinary litigation outside the Section 1983 context, you were suing a defendant and it happened that a debtor chose to agree to pay that defendant's liability and the settlement agreement was entered on that understanding, you're saying that's essentially the same case as this. You'd have no ability to go after that debtor, right, that bankrupt. All there is is just some side agreement that led to the dismissal. If the money doesn't come through, then the contingency of the dismissal won't have been met and the ground for the dismissal for the settlement will be gone and then you won't dismiss the case anymore and the court just retains jurisdiction to see what happens. That's your view of what's going on here? That's correct, Your Honor. And let me further add, Your Honor. The only thing that's just a little bit odd is 922 is contemplating some case and you say 922 is only contemplating the case of a liability for official actions? Sued in their official capacities, which could be injunctive relief. And what's your best authority for that view of 922? In our brief, Your Honor, we have cited cases, precisely decisions from the presiding judge in the Promesa case where she has ordered stave of actions that are directed to officers in their official capacity. Right, but you don't have authority saying that that also could not extend to a situation of an officer in their individual capacity. I am not aware, Your Honor, if the First Circuit I have reviewed. That's the key issue from your perspective. That's what you're distinguishing it on. I am not aware, Your Honor, if there is such holding already by this honorable court. I have reviewed the latest decisions regarding Promesa, which were issued. Aren't those city of Stockton cases? Aren't those against you? Those California bankruptcy cases? No, Your Honor. Those two cases cited by the evidence in their brief, the city of Stockton case, as well as the Newberry v. San Bernardino, are completely distinguishable. Therefore, they lack persuasiveness. How are they distinguishable? Because under both cases, the plaintiff sued the city, a California city, and the city employees for violation of federally protected rights. Now, under the California code, the city has to pay any judgment or settlement for those public employees, public officials, suing their personal capacity. The city has to even reimburse any portion that the public employee … But that suggests that 922 does apply to some individual action. But, Your Honor, as to the California government code, it's completely different with Puerto Rico law number 9. And as I already made reference to the Ortiz Feliciano Toledo Davila case of this first circuit court, where the fact that the Commonwealth, under Puerto Rico law number 9, has provided legal counsel and indemnification of judgments against public employees suing their personal capacity, does not turn the Commonwealth into a party, does not comprise a waiver, and furthermore, it's not to be used in a way that it's a claim directly against the Commonwealth. We have stated, Your Honor, that the Commonwealth has not been a party … 922 applies to indirect claims as well. And so if the Commonwealth is ultimately going to be responsible, I still think there's an issue there. There are exceptions under law 9 where the Attorney General, Secretary of Justice, could not go forward, but do you know whether any of those exceptions might apply here? No, Your Honor, nevertheless … Yeah, I don't either. Nevertheless, Your Honor, in the preceding oral argument, there are some errors regarding for post-petition payments by the Commonwealth on Section 1983 judgments. And even though it was not addressed in the preceding oral argument, I understand that there is a factual matter that will eventually be brought in my case. So voluntary payments? Yes, Your Honor, and post-petition. Post-petition, not judgments issued post-petition. No, judgments pre-petition which were paid post-petition. And when I read that on the briefs of the preceding oral argument, because obviously the first two errors in that preceding oral argument are identical to the ones here. When I read the brief, when I saw that their appellants, the Commonwealth through the individual appellants, stated that it was completely immaterial if they in fact had paid or not Section 1983 judgments post-petition because at the end of the day, the Commonwealth under PROMESA, under Section 303 and 305, preserves the right to determine how to proceed. And when I read that, my first reaction was the prophetic warning of the George Orwell's Animal Farm, which states all animals are equal, but some animals are more equal than others. How convenient would it be for the Commonwealth to apply and seek PROMESA stay against Section 1983 claims, which as this Honorable Court knows, this forum has a long history of Section 1983 claims. How convenient is to ask for the application of a stay for some Section 1983 claims, but not for others. Thank you. Thank you, Your Honor.